THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT ROGERS, Defendant-Appellant.

(No. 59033; )

First District (4th Division)—October 8, 1975.

James J. Doherty, Public Defender, of Chicago (Marilyn Dershem Israel, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and John M. Cutrone, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Robert Rogers, was charged with failure to possess an Illinois State Firearm Owner's Identification Card in violation of section 2 of "An Act relating to * * * firearms * * *" (Ill. Rev. Stat. 1971, ch. 38, par. 83—2). After a bench trial defendant was convicted and sentenced to serve one year's probation.

Prior to trial, defendant moved to suppress physical evidence on the ground that it was the product of an unreasonable search and seizure. Defendant's motion was denied. Thereafter, the cause proceeded to trial and the following evidence was heard.

Defendant owned and operated a variety shop wherein he sold candy, cookies, pop, etc. He had two pool tables on the premises as well as other youth attracting games. No liquor was sold there. On November 20, 1972, six police officers entered defendant's store. Officer Joseph Fitzsimmons testified that they went there in response to numerous complaints that persons under 16 years of age were using the pool tables and that narcotics were sold there. He testified that when they entered the store, it appeared that there were minors using one of the pool tables. Officer Fitzsimmons stated that while he was questioning the defendant, he

observed in plain view what appeared to be the butt and chamber of a nickel-plated revolver sticking out of a counter shelf. Although he had no search warrant, he seized the revolver and searched the premises. Defendant was arrested, and at the police station he admitted that he had no State Firearm Owner's Identification Card.

Defendant testified that the gun was hidden behind some pickle cases and that it could not be seen without pulling the cases apart. He stated that the officers pulled everything apart and discovered the gun. When they found the revolver, defendant informed them that it was not his. He testified that his mother died on November 15, 1972 (five days before his arrest) and that upon searching her personal trunk, he found the weapon. He stated that he hid the gun for safe keeping and that he intended to register it.

On appeal defendant contends that (1) he was not in violation of failure to possess an Illinois State Firearm Owner's Identification Card since the 60-day grace period for registration provided in section 12 of "An Act relating to * * * firearms * * *" (Ill. Rev. Stat. 1971, ch. 38, par. 83—12) had not elapsed; (2) the court erred in denying his motion to suppress the gun as evidence; and (3) his waiver of a jury trial was involuntary.

Upon review of the record we deem it necessary to consider only defendant's contention that the 60-day registration exemption applied to him. Section 2 specified that no person may possess a firearm without having in his possession a Firearm Owner's Identification Card. The Act further specifies in section 12 that:

> "The provisions of this Act shall not apply to the passing or transfer of any firearm or firearm ammunition upon the death of the owner thereof to his heir or legatee or to the passing or transfer of any firearm or firearm ammunition incident to any legal proceeding or action until 60 days after such passing or transfer." Ill. Rev. Stat. 1971, ch. 38, par. 83—12.

The thrust of the State's argument is that the trial court is not compelled to accept defendant's statement as true, and that a finding of guilty will be disturbed only when the evidence is so unsatisfactory as to leave a reasonable doubt of defendant's guilt. We have reviewed the entire record and conclude that it leaves a grave and substantial doubt of the defendant's guilt. The only evidence showed that defendant's mother passed away five days before the incident at bar and that defendant found the gun in her trunk among her personal belongings. We cannot say that this uncontradicted evidence was implausible or improbable and should have been rejected. Under the Act defendant had 60 days in which to register the gun. There was no evidence that he

committed an unlawful act. (*People v. Jordan*, 4 Ill.2d 155.) Since the State failed to establish defendant's guilt, his conviction must be reversed.

In view of our holding, it is unnecessary to pass upon other contentions raised by defendant. For the reasons aforesaid the judgment of conviction is reversed.

Reversed.

ADESKO and JOHNSON, JJ., concur.